IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LINDA DARNELL BROOKS, | * |
| Plaintiff, | * |
| v. | *  Civil No. SAG-24-02973 |
| MARYLAND LEGAL AID, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Linda Darnell Brooks ("Plaintiff") filed this employment discrimination lawsuit against her former employer and supervisor, alleging discrimination on the basis of race, age, and gender. ECF 1. The Defendants, Maryland Legal Aid and its Chief Human Resources Officer, Jessica Sysak (collectively "Defendants"), have filed a motion to dismiss. ECF 9. Plaintiff filed an opposition, ECF 11, and Defendants filed a reply, ECF 12. No hearing is necessary to resolve the motion. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the motion to dismiss will be granted and the case will be dismissed without prejudice.

I. **Factual Background**

The following facts are derived from Plaintiff's Complaint. Plaintiff, a black female born in 1967, began working for Maryland Legal Aid in 1998. ECF 1-1 ¶¶ 1, 2. Maryland Legal Aid has a staff of approximately 250 employees. *Id.* ¶ 3. Plaintiff began her career as a Payroll Clerk and was promoted to Human Resources Specialist – Benefits in 2002. *Id.* ¶ 4

Plaintiff alleges that beginning on January 4, 2023, Maryland Legal Aid's Chief Human Resources Officer, Jessica Sysak, "continuously harassed and subjected plaintiff to a hostile work environment." *Id.* ¶ 13. On January 23, 2024, Sysak, informed Plaintiff that "pursuant to our

ongoing HR review of staffing, departmental and organizational needs," her position was being reclassified from a Human Resources Specialist to a Benefits Coordinator. *Id.* ¶ 11; ECF 1-3. The salary for the Benefits Coordinator position would be $26,000 less than the salary Plaintiff received as a Human Resources Specialist, although the duties were substantially the same. ECF 1-1 at ¶¶ 15, 16. Plaintiff, who was the oldest employee in the Human Resources division, is the "only employee who received a position change and significant pay decrease." *Id.* ¶¶ 9, 17.

Sysak informed Plaintiff that if she did not sign the contract accepting the new position, which came with a $5,000 transition payment, she would be terminated. *Id.* ¶¶ 18, 19. On February 1, 2024, because Plaintiff refused to accept the new position, Sysak terminated her employment. *Id.* ¶ 20. Two months later, Plaintiff received the $5,000 transition payment in the mail, but returned it to Maryland Legal Aid. *Id.* ¶ 21. She alleges that she has suffered "economic losses and emotional and physical stress" as a result of the Defendants' acts. *Id.* ¶ 22.

## II. Legal Standards

Defendants contend that dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(6), which allows a defendant to test the legal sufficiency of a complaint. ECF 9-1 at 2; *see In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 684

(2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To state a claim for relief in an employment discrimination case, a plaintiff's complaint is not required to set forth a full *prima facie* case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). It must, however, allege facts sufficient to nudge the discrimination claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 683.

Plaintiff filed her Complaint in a self-represented capacity before counsel entered an appearance on her behalf. ECF 1. As a result, her pleading is "liberally construed" and "held to less stringent standards than [one filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III. Analysis

While a plaintiff need not plead a *prima facie* case of discrimination in order to state a viable claim, here Plaintiff has not alleged any facts to nudge her discrimination claims "across the line from conceivable to plausible" as required by *Iqbal.* 556 U.S. at 683. It is of course conceivable that Maryland Legal Aid acted in a discriminatory manner towards Plaintiff, as she is a member of multiple protected classes. But mere adverse action against a member of a protected class is not alone enough to state a discrimination claim, absent some plausible reason to believe that the action taken was motivated by the plaintiff's protected status.

Plaintiff's complaint contains no facts about the alleged "harassment" Plaintiff experienced to allow this Court to assess whether it plausibly pertained to her race, gender, or age. She has provided no context about the number of other Human Resources Specialists or Benefits Coordinators at Maryland Legal Aid, or their demographics. She has alleged that Sysak was younger and a member of a different race than Plaintiff (although presumably of the same gender). ECF 1-1 ¶ 12. But she offers no information regarding whether Sysak was the stand-alone decisionmaker regarding her job classification and/or the length of time Sysak had served as her supervisor prior to the incidents described in the Complaint. In fact, some of the correspondence Plaintiff attaches as exhibits to her Complaint demonstrate that at least some decision-making involved the Executive Director of Maryland Legal Aid, not just Sysak. *See, e.g.*, ECF 1-4.

Moreover, Defendants correctly contend that Plaintiff's federal discrimination claims against Sysak in her individual capacity cannot lie. *See* ECF 9-1 at 5-7. Plaintiff "concedes and acknowledges" that the federal discrimination statutes "do not provide for causes of action against defendants in their individual capacities." ECF 11-1 at 7. Assuming without deciding that the Maryland Fair Employment Practices Act ("MFEPA") might permit individual supervisory

4

liability in certain circumstances,[1] Plaintiff's complaint does not contain sufficient factual or legal assertions to set forth a plausible set of circumstances under which Sysak could be liable.

In sum, the Complaint as currently pleaded does not contain sufficient factual allegations to set forth a plausible discrimination claim under the *Iqbal/Twombly* standards. It will be dismissed without prejudice, allowing Plaintiff thirty days in which to seek leave to amend her pleading.

### IV.     Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 9, is granted and the Complaint is dismissed without prejudice. This case will be closed, subject to reopening should Plaintiff file a motion seeking leave to amend her complaint within thirty days of the date of this memorandum opinion and order. A separate Order follows.

Dated:  March 11, 2025                                             /s/
                                                                    Stephanie A. Gallagher
                                                                    United States District Judge

---

[1] Neither party has cited particularly persuasive authority on this point. This Court need not decide the issue at this stage because, even if such an "aiding and abetting" or "agency" claim could be viable, the present version of the Complaint does not adequately assert it.